Edwin F. McPherson – State Bar No. 106084
emcpherson@mcphersonrane.com
Pierre B. Pine – State Bar No. 211299
ppine@mcpherson-llp.com
**McPHERSON LLP**
1900 Avenue of the Stars
25th Floor
Los Angeles, CA 90067
Tel:(310)553-8833
Fax:(310)553-9233

Attorneys for Plaintiffs JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT and XX GLOBAL, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT, an individual; and XX GLOBAL, INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SHOW MOTION ENGINEERING, INC.; a Wyoming corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VIOLATION OF RIGHT OF PUBLICITY**<br>3. **MISAPPROPRIATION OF NAME, VOICE, AND/OR LIKENESS/ VIOLATION OF CIVIL CODE SECTION 3344**<br>4. **PRELIMINARY AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT and XX GLOBAL, INC. (hereinafter collectively "Plaintiffs") hereby allege as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### PARTIES

1. Plaintiff JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT (hereinafter "Scott") is, and at all times herein mentioned was, an individual, residing in the State of Texas.

2. Plaintiff XX GLOBAL, INC. (hereinafter "XX Global") is, and at all times herein mentioned was, a corporation, organized and existing under the laws of the State of California, and is licensed to do, and has been doing, business in the State of California, County of Los Angeles.

3. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendant SHOW MOTION ENGINEERING, INC. (hereinafter "Show Motion") is, and at all times herein mentioned was, a corporation, organized and existing under the laws of the State of Wyoming, and is licensed to do, and has been doing, business in the State of California, County of Los Angeles.

4. Plaintiffs are informed and believe and, based upon such information and belief, allege that DOES 1 through 5 are, and at all times herein mentioned were, corporations, partnerships, or other business entities, which were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

5. Plaintiffs are informed and believe and, based upon such information and belief, allege that DOES 6 through 10 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

7. Plaintiffs are informed and believe and, based on such information and belief, allege that Defendants, and each of them, are, and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint-venture. Plaintiffs are further informed and believe and, based upon such information and belief, allege that the

acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court pursuant to 17 U.S.C. Sections 101 *et seq.*, 28 U.S.C. Sections 1332 and 1338, and the supplemental, ancillary and/or pendant jurisdiction of this Court.

9. Venue is proper in this district pursuant to 28 U.S.C. Section 1391, in that the unlawful acts and violations hereinafter described have been, and are presently being, carried out and made effective within the boundaries of the Central District of California.

## THE PROTECTED WORKS

10. In or about May and June of 2023, XX Global created renderings and designs for a set/stage to be used as part of the Travis Scott 2023 Utopia World Tour (the "Set"), which set designs ("Set Designs) were embodied in at least eight separate pieces of two-dimensional artwork.

11. The Set Designs are wholly original to Plaintiffs, and thus copyrightable subject matter under the laws of the United States. The Set Designs have in fact been registered by XX Global with the United States Copyright Office, Registration Nos: VA 2-387-435, VA 2-387-445, VA 2-387-450, VA 2-387-454, VA 2-387-455, VA 2-387-456, VA 2-387-459, VA 2-387-461, VA 2-423-237, and VA 2-423-727.

## FACTUAL ALLEGATIONS

12. Defendant Show Motion purports to be a full service, engineering and fabrication company in entertainment industry design, including the designing and construction of sets for live concerts.

13. In or about June 2023, Plaintiffs' representatives contacted Show Motion, and hired it to construct the Set based on the Set Designs, which were provided by

Plaintiffs to Show Motion.

14. Between June 2023 and August 15, 2023, Plaintiffs paid Show Motion $1,509,985.00 in connection with the construction of the Set. However, based on an oral agreement between the parties, Show Motion was obligated to present the Set in a complete and fully assembled manner for inspection by Plaintiffs' representatives, prior to any final payment being due, which Show Motion failed to do.

15. As a result of Show Motion's failure and refusal to allow an inspection of the completely assembled Set, Plaintiffs did not make any further payments to Show Motion, and Show Motion failed and refused to allow Plaintiffs to take possession of the Set. Accordingly, the Set was never able to be utilized by Plaintiffs for the Travis Scott 2023 Utopia World Tour for which it was intended.

16. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants, and each of them, with full knowledge of XX Global's ownership rights in the Set Designs, intentionally and willfully, copied, manufactured, distributed, published, reproduced, advertised, marketed, promoted, and otherwise exploited the Set Designs by, among other things, displaying Plaintiffs' Set Designs and/or derivative images thereof, on Show Motion's website, at the following URL: https://www.showmotionengineering.com/travis-scott-world-tour-2023, without the permission or authorization of XX Global.

17. Additionally, Defendants, and each of them, have intentionally and willfully advertised, marketed, promoted, and/or otherwise exploited the name and likeness of Scott, by, among other things, constructing an entire page on their website, https://www.showmotionengineering.com/travis-scott, which is dedicated to multiple Travis Scott tours ("Travis Scott Rolling Loud Miami 2023," "Travis Scott Rolling Loud California 2023," and "Travis Scott Made In America Festival 2016"), and includes at least three separate videos of Travis Scott performances, and nearly two dozen photos/images of Scott performing during these tours, and/or images of sets used by Scott during these tours, some of which include physical depictions of Scott, without the

permission or authorization of Scott. Screen shots of the aforementioned portions of Defendants' website and the images contained therein, showing Defendants' exploitation of Scott's name and likeness, are collectively attached hereto as Exhibit "A," and incorporated herein by this reference as though set forth in full.

18. Furthermore, Defendants' website includes a "Gallery" section displaying nine separate photos/images of Scott performing live and/or sets utilized by Scott, and/or portions of the aforementioned constructed Set, which include Scott's name in their titles, as follows: "Travis Scott - Made in America Festival," "Travis Scott - Rolling Loud Los Angeles," "Travis Scott - Rolling Loud Miami," and "Travis Scott - Utopia Circus Maximus Tour," without the permission or authorization of Scott.

19. The aforementioned "Gallery" images exploiting Scott's name and/or likeness are located at: https://www.showmotionengineering.com/gallery, are collectively attached hereto as Exhibit "B," and incorporated herein by this reference as though set forth in full.

20. Additionally, as previously mentioned, Show Motion further exploits Scott's name by having a page of its website dedicated to the Travis Scott World Tour 2023, in which Scott's name appears frequently and prominently, containing, among other things, the infringing images of Plaintiff's Set Designs.

## FIRST CLAIM FOR RELIEF

**(By Plaintiff XX Global For Copyright Infringement – Against All Defendants)**

21. Plaintiffs adopt, re-allege, and by this reference incorporate, Paragraphs 1 through 20, inclusive, hereinabove.

22. Plaintiff XX Global is the actual and beneficial owner of the Set Designs, which are the subject of valid Certificates of Copyright Registration, issued by the Register of Copyrights.

23. Defendants, and each of them, had access to the Set Designs, which were provided to Defendant Show Motion by the representatives of Plaintiffs to be utilized for

1  the construction of the Set.

2  24. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants, and each of them, with full knowledge of XX Global's ownership rights in the Set Designs, intentionally and willfully copied, manufactured, distributed, published, reproduced, advertised, marketed, promoted, and otherwise exploited the Set Designs by, among other things, displaying Plaintiffs' Set Designs and/or derivative images thereof, on Show Motion's website, at the following URL: https://www.showmotionengineering.com/travis-scott-world-tour-2023, without the permission or authorization of XX Global.

25. Defendants' multiple unauthorized reproductions, distributions, publications, advertisements, marketing, promotions, and/or other exploitations of the Set Designs, as alleged above, each constitute separate infringements of XX Global's rights in and to the federally-registered copyrights of the Set Designs.

26. The foregoing acts of copyright infringement have been willful and intentional.

27. As a direct and proximate result of the Defendants' infringement of Plaintiff's copyright, as alleged herein, Plaintiff has been damaged in the amount of at least $5 Million, together with interest thereon at the legal rate. When Plaintiff ascertains the exact amount of said damages, it will seek leave of Court to amend this Complaint to set forth said amount.

28. In accordance with 17 U.S.C. Section 504, as a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff is also entitled to recover all profits earned by Defendants, and each of them, that are attributable to the infringement of the copyright of the Set Designs, which profits Plaintiff expects to be in excess of $10 Million. When Plaintiff ascertains the exact amount of said damages, it will seek leave of Court to amend this Complaint to set forth said amount.

///

29. As a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff has been compelled to retain the services of an attorney in order to prosecute its rights under the Copyright Act. As a result, Plaintiff has incurred and will continue to incur substantial attorneys' fees. In accordance with 17 U.S.C. Section 505, Plaintiff is entitled to an award of its reasonable attorneys' fees.

30. In accordance with 17 U.S.C. Section 504(c)(2), as a further direct and proximate result of Defendants' wilful acts of copyright infringement, Plaintiff is alternatively entitled to an award of the maximum statutory damages under that Section, in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) for each act of infringement.

## SECOND CLAIM FOR RELIEF

**(By Plaintiff Scott For Violation Of Common Law Right Of Publicity – Against All Defendants)**

31. Plaintiffs adopt, reallege, and by this reference incorporate, Paragraphs 1 through 20, inclusive, hereinabove.

32. Plaintiff Scott has worked diligently for over fifteen years, and has become an extremely successful and well known rapper, singer, songwriter, recording artist, and record producer. Scott has had four No. 1 hits on the U.S. *Billboard* Hot 100 chart, along with over one hundred charting songs. In addition to eight Grammy Award nominations, Scott has won a Latin Grammy Award, two *Billboard* Music Awards (with 19 nominations), an MTV Video Music Award (with seven nominations), one BET Award (with six nominations), three BET Hip Hop Awards (with 19 nominations). In addition, Scott has been nominated for two American Music Awards, two Nickelodeon Kids' Choice Award nominations, four People's Choice Award nominations, one Soul Train Music Award nominatio, three Teen Choice Award nominations, and two NAACP Image Award nominations.

33. As a result, Scott has created a general acceptance and good will for his name and likeness, the effect of which was to create an absolute, incorporeal, and transferable property right with a substantial commercial value in the eyes of the public.

34. Accordingly, Plaintiff Scott possesses a valuable right of publicity, a property right with substantial commercial value, which he has not agreed to transfer, in whole or in part, to any of the Defendants, for any purpose, at any time.

35. Despite this fact, Defendants, and each of them, have intentionally and willfully, advertised, marketed, promoted, and/or otherwise exploited the name and likeness of Scott, by, among other things, having an entire page on their website, https://www.showmotionengineering.com/travis-scott, which is dedicated to multiple Travis Scott tours ("Travis Scott Rolling Loud Miami 2023," "Travis Scott Rolling Loud California 2023," and "Travis Scott Made In America Festival 2016"), and includes, at least three separate videos of Travis Scott performances, and nearly two dozen photos/images of Scott performing during these tours and/or images of sets used by Scott during these tours, some of which include physical depictions of Scott, without the permission or authorization of Scott. (See Exhibit "A").

36. Furthermore, Defendants' website includes a "Gallery" section displaying nine separate photos/images of Scott performing live and/or sets utilized by Scott, and/or portions of the aforementioned constructed Set, which include Scott's name in their titles, as follows: "Travis Scott - Made in America Festival," "Travis Scott - Rolling Loud Los Angeles," "Travis Scott - Rolling Loud Miami," and "Travis Scott - Utopia Circus Maximus Tour," without the permission or authorization of Scott. (See Exhibit "B").

37. Additionally, as previously mentioned, Show Motion further exploits Scott's name by having a page of its website dedicated to the Travis Scott World Tour 2023, in which Scott's name appears frequently and prominently, containing, among other things, the infringing images of Plaintiff's Set Designs.

///

38. The aforementioned conduct on the part of Defendants, and each of them, constitutes a serious violation of Scott's right of publicity, in that the appropriation by Defendants, and each of them, was for the purpose of obtaining substantial profits in connection therewith.

39. The appropriation was for Defendants' advantage, in that Scott's name and likeness were used for commercial promotion and marketing, and intended by Defendants, and each of them, to create and enhance Defendants' pecuniary gain and profit resulting from the exploitation of Scott's name, and likeness.

40. As a direct and proximate result of the aforementioned acts of the Defendants, and each of them, Plaintiff has been damaged in an amount which has yet to be ascertained, including consequential and incidental damages, costs and interest, which amount is in excess of $50 Million. When Plaintiff ascertains the exact amount of said damages, he will seek leave of Court to amend this Complaint to set forth said amount.

41. As a direct and proximate result of the aforementioned acts by Defendants, and each of them, Defendants have earned profits from the exploitation of Scott's name and likeness, in an amount which has yet to be ascertained, but which is or will be in excess of $10 Million. Plaintiff is entitled to recover all profits earned by Defendants as a result of Defendants' unauthorized use of the name, and likeness of Scott for commercial purposes.

42. The aforementioned acts, among others, of Defendants, and each of them, of which an officer, director and/or managing agent had advance knowledge and/or ratified said wrongful conduct, were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud, or malice, thus entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants, and each of them, and to deter such conduct in the future, which amount will be proved at trial.

///

///

Case 2:24-cv-10421 Document 1 Filed 12/03/24 Page 10 of 15 Page ID #:10

## THIRD CLAIM FOR RELIEF

**(By Plaintiff Scott For Misappropriation Of Name And/Or Likeness/**
**Violation of Civil Code Section 3344 – Against All Defendants)**

43. Plaintiffs adopt, reallege, and by this reference incorporate, Paragraphs 1 through 20, inclusive, and 32 through 39, inclusive, hereinabove.

44. The aforementioned conduct of Defendants, and each of them, constitutes a violation of Section 3344 of the California Civil Code for unauthorized misappropriation of Scott's name and likeness for commercial purposes.

45. As a direct and proximate result of the aforementioned acts of the Defendants, and each of them, Plaintiff has been damaged in an amount which has yet to be ascertained, including consequential and incidental damages, costs and interest, which amount is in excess of $50 Million. When Plaintiff ascertains the exact amount of said damages, he will seek leave of Court to amend this Complaint to set forth said amount.

46. As a direct and proximate result of the aforementioned acts by Defendants, and each of them, Defendants have earned profits from the exploitation of Scott's name and likeness, in an amount which has yet to be ascertained, but which is or will be in excess of $10 Million. Plaintiff is entitled to recover all profits earned by Defendants as a result of Defendants' unauthorized use of the name and likeness of Scott for commercial purposes.

47. As a direct and proximate result of the aforementioned acts by Defendants, and each of them, Plaintiff has incurred and will continue to incur substantial attorneys' fees. Plaintiff is further entitled to an award of its attorneys' fees and costs incurred in connection with this litigation pursuant to Section 3344 of the Civil Code.

48. The aforementioned acts, among others, of Defendants, and each of them, of which an officer, director and/or managing agent had advance knowledge and/or ratified said wrongful conduct, were done intentionally or with a conscious disregard of Plaintiff's rights, and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud, or malice, thus entitling it to exemplary and punitive damages in an

amount appropriate to punish or set an example of Defendants, and each of them, and to deter such conduct in the future, which amount will be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (For Temporary, Preliminary, and Permanent Injunction -- Against All Defendants)

49. Plaintiffs adopt, reallege, and by this reference incorporate, Paragraphs 1 through 20, inclusive, 22 through 26, inclusive, 32 through 39, inclusive, and 44, hereinabove.

50. The wrongful acts and conduct of Defendants, and each of them, constitute a serious and substantial violation of Plaintiff's rights under the laws of the United States.

51. Plaintiffs are informed and believe and, based upon such information and belief, allege that Defendants' conduct, including, but not limited to, the foregoing, has caused and will cause irreparable injury to Plaintiffs, which injury will continue as long as Defendants continue to exploit the Set Designs, and otherwise infringe XX Global's copyrights, and as long as Defendants continue to exploit Plaintiff Scott's rights of publicity and to misappropriate Scott's name and likeness rights. Such injuries will be severe, substantial and continuing, and cannot be reasonably or adequately measured or compensated for by money damages alone.

52. Unless Defendants, and each of them, are preliminarily and permanently enjoined from any further exploitation of the Set Designs and any other use of XX Global's copyrights, and Plaintiff Scott's rights of publicity and name and likeness rights, Plaintiffs will be irreparably and permanently injured.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

///

**AS TO THE FIRST CLAIM FOR RELIEF:**

1. For Defendants to be required to pay to Plaintiff XX Global such actual damages as the Plaintiff XX Global has sustained, and will sustain, as a consequence of Defendants' infringement, in accordance with to 17 U.S.C. Section 504(b);

2. For an accounting by Defendants, and each of them, of all gains, profits and advantages derived by them, based upon their infringement of Plaintiff's copyright;

3. For all profits earned by Defendants, and each of them, which are attributable to the infringement of the copyright in and to the Set Designs, which profits Plaintiff expects to be in excess of $10 Million;

4. For Defendants, and each of them, and their agents, servants, employees and all parties in privity with them to be enjoined preliminarily and permanently from directly or indirectly using the Set Designs or any other work derived in any way therefrom, in any manner which infringes upon the copyrights in and to said works;

5. For a finding that Defendants' infringements were willful, in accordance with 17 U.S.C. Section 504(c)(2);

6. For up to $150,000.00 in statutory damages per violation for a wilful infringement, in accordance with 17 U.S.C. Section 504(c)(2);

**AS TO THE SECOND CLAIM FOR RELIEF:**

7. For compensatory damages in an amount to be proved at trial, which Plaintiff has sustained as a consequence of Defendants' violation of Plaintiff's right of publicity, which damages are in excess of $50 Million, together with interest thereon at the maximum legal rate;

8. For an accounting by Defendants, and each of them, of all gains, profits and advantages derived by them, based upon their violation of Plaintiff's right of publicity;

9. For exemplary and punitive damages in an amount sufficient to punish or set an example of Defendants, and each of them, which amount will be proved at trial.

///

**AS TO THE THIRD CLAIM FOR RELIEF:**

10. For compensatory damages in an amount to be proved at trial, which Plaintiff has sustained as a consequence of Defendants' violation of Plaintiff's right of publicity, which damages are in excess of $50 Million, together with interest thereon at the maximum legal rate;

11. For an accounting by Defendants, and each of them, of all gains, profits and advantages derived by them, based upon their violation of Civil Code Section 3344;

12. For reasonable attorneys' fees in an amount to be proved at trial, in accordance with Civil Code Section 3344;

13. For exemplary and punitive damages in an amount sufficient to punish or set an example of Defendants, and each of them, which amount will be proved at trial.

**AS TO THE FOURTH CLAIM FOR RELIEF:**

14. For a temporary, preliminary, and permanent injunction precluding Defendants, and each of them, and their agents, servants, employees, subsidiaries, affiliates, officers, directors, representatives, attorneys, successors, and assigns, and anyone acting in concert with them, from:

    a. Selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, displaying, circulating, promoting, marketing, and/or advertising the Set Designs, including, but not limited to, on Defendants' website;

    b. Selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, copying, reproducing, publishing, disseminating, distributing, displaying, circulating, promoting, marketing, and/or advertising of any promotional material referring to, and/or utilizing, the Set Designs;

    c. Using any portion of the Set Designs, or otherwise infringing, directly or indirectly, Plaintiff XX Global's copyrights, in any manner;

///

   d. Directly or indirectly exploiting Scott's name, image, likeness, and/or persona for any purpose, including, but not limited to, in connection with any marketing, promotion, and/or advertising of Defendants, or any of them, and/or any services or products provided thereby.

**AS TO ALL CLAIMS FOR RELIEF:**

 9. For costs of suit herein incurred; and

 10. For such other and further relief as the Court deems just and proper.

DATED: December 3, 2024   Edwin F. McPherson
Pierre B. Pine
**McPHERSON LLP**

By: _/s/ Edwin F. McPherson_
   EDWIN F. McPHERSON
Attorneys for Plaintiffs
JACQUES BERMON WEBSTER II
p/k/a TRAVIS SCOTT and
XX GLOBAL, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiffs JACQUES BERMON WEBSTER II p/k/a TRAVIS SCOTT and XX GLOBAL, INC. hereby demand a jury trial of this action.

DATED: December 3, 2024

Edwin F. McPherson
Pierre B. Pine
**McPHERSON LLP**

By: _____
EDWIN F. McPHERSON
Attorneys for Plaintiffs
JACQUES BERMON WEBSTER II
p/k/a TRAVIS SCOTT and
XX GLOBAL, INC.